UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                Case No. 1:21-cr-20442

v.                                        Honorable Thomas L. Ludington
                                              United States District Judge
THOMAS DENNIS BERRY,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO STAY RESTITUTION PAYMENTS**

Defendant Thomas Dennis Berry seeks suspension of his restitution obligations, which he agreed to pay as part of his plea agreement, under 18 U.S.C. § 3664(k).

But Defendant has not followed the proper procedures nor shown sufficient material change in his economic circumstances. So his Motion will be denied.

**I.**

On October 12, 2021, Defendant Thomas Dennis Berry pleaded guilty to one count of possession of child pornography involving a prepubescent minor or a minor who had not attained twelve years of age, 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). ECF No. 18. Defendant admitted to knowing both that he possessed child pornography and that the images depicted minors less than twelve years of age. *Id.* at PageID.41.

On January 28, 2022, Defendant was sentenced to 210 months' imprisonment, 10 years' supervised release, and to pay restitution of $20,520.00 to the two identified minor victims. ECF No. 30 at PageID.169–70, 174. Specifically, Defendant was ordered to immediately pay a $100 special assessment fee and to "pay monthly installment payments on any remaining balance of the

restitution . . . at a rate and schedule recommended by the probation department and approved by the Court." *Id.* at PageID.175. The Judgement also mandated Defendant's participation in the Inmate Financial Responsibility Program (IFRP), *Id.* at PageID.169, a program organized by the Bureau of Prisons (BOP) that, among other things, administers the collection of the participating inmates' monthly restitution payments.[1] ECF No. 34 at pageID.185.

On August 16, 2023, Defendant filed a Motion to Stay Restitution Payments. ECF No. 33. Defendant claims he is "not able to make these payments, which [he] believe[s] are currently set at $35.00 per month . . . because the job to which [he] ha[s] been assigned pays only $4.68 per month." *Id.* at PageID.182. Defendant also notes he is "not receiving any money from family." *Id.* Defendant claims "commissary prices have been on the rise in the last couple of months" and, although he has been "put [on] indigent status to receive free medical prescriptions[,]" he is "not even able to buy [b]asic [h]ealth [n]ecessities like toothpaste and soap[.]" *Id.*

The Government opposes Defendant's Motion because Defendant has not shown a material change in economic circumstances to warrant his requested restitution stay, as required under 18 U.S.C. § 3664(k). ECF No. 34 at PageID.186, 189–90.

---

[1] The IFRP's purpose is to "encourage[] each sentenced inmate to meet his or her legitimate financial obligations. As part of the initial classification process, staff will assist the inmate in developing a financial plan for meeting those obligations, and at subsequent program reviews, staff shall consider the inmate's efforts to fulfill those obligations as indicative of that individual's acceptance and demonstrated level of responsibility." 28 C.F.R. § 545.10. For information on how participating inmate financial plans are developed and reviewed by IFRP staff, along with information regarding consequences of non-compliance, *see* 28 CF.R. § 545.11. "As a general rule, the amount of payment that each inmate is expected to pay towards their financial obligations is based upon the amount of funds in an inmate's account during the preceding six months. Each inmate works with his or her counselor to establish the appropriate payment amount or address any difficulties in complying with the terms of the IFRP agreement." ECF No. 34 at PageID.185. "As is the norm, the counselors are available to meet and discuss the terms and conditions of the IFRP with any inmate in their caseload." *Id.* at PageID.187.

## II.

Generally, federal courts may not modify an imposed criminal sentence. *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). But, under 18 U.S.C. § 3664(k), "[a] district court [may] modify an order of restitution when there is a 'material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution.'" *United States v. Grigsby*, 665 F. App'x 701, 706 (10th Cir. 2016) (unpublished). "[I]f there is any material change to the [Defendant's] finances, [then] she must notify the court and the U.S. Attorney's Office, and the victim must also be informed." A. Margot Moss, *Restitution in Federal White Collar Cases: Squeezing Blood from a Stone*, CHAMPION, June 2016, at 21, 22 (citing 18 U.S.C. § 3664(k)). A material change may be brought to a court's attention by the Government, the defendant, or the victim. *Grigsby*, F. App'x at 706 (citations omitted).

Upon receiving notice of a material change, "the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require." 18 U.S.C. § 3664(k). That is, "[§] 3664(k) does not authorize modification of the *amount* of restitution . . . ." *United States v. London-Clayton*, 487 F. Supp. 3d 626, 628 (E.D. Mich. 2020) (emphasis added) (citing *United States v. Holley*, No. 19-5492, 2020 WL 2316052, at *2 (6th Cir. Jan. 29, 2020)); *accord United States v. Phillips*, 9 F.4th 382, 384-85 (6th Cir. 2021).

"Before the district court adjusts the payment schedule, the Attorney General generally must certify to the court that the victim has been notified of the defendant's changed circumstances." *United States v. Lassiter*, No. 13-20476, 2021 WL 486611, at *2 (E.D. Mich. Feb. 10, 2021) (citing *Grigsby*, 665 F. App'x at 706).

Defendant does not expressly cite 18 U.S.C. § 3664(k) in his request to stay his restitution payments. As the Government points out, he does so implicitly, by discussing how the price of commissary items have increased in recent months, how he receives no financial support from his family, and how his assigned job only pays him $4.68 per month. ECF Nos. 34 at PageID.189; 33 at PageID.182.

But Defendant is not entitled to § 3664(k) restitution relief. First, Defendant has not notified the Government of his alleged material changes to allow the Government to further notify the victims and this Court. *United States v. Wisdom*, No. 14-20359, 2021 WL 4949226, at *2 (E.D. Mich. Oct. 25, 2021) ("Only after these steps are taken will the court have the authority to modify Defendant's restitution under § 3664(k)."); *United States v. Dover*, 630 F. Supp. 3d 885 (E.D. Mich. 2022) (denying a defendant's motion to adjust restitution because, among other reasons, defendant failed to follow requisite procedures). Second, Defendant has not met his burden to prove a material change in economic circumstances. Citing an increased cost of commissary items, a meager monthly wage, and lack of familial financial support will not do. *See* ECF No. 33 at PageID.182. At the time of sentencing, Defendant "claimed essentially no assets, no income, and significant debt for unpaid child support." ECF No. 34 at PageID.190. All of Defendant's necessary living expenses are currently being paid by the BOP. *Id.* In other words, nothing has changed.

In sum, because Defendant did not follow the proper procedures to seek adjustment of his restitution obligations and there has been no change, let alone a material change, in his economic circumstances, there is no reason to interfere with the BOP's implementation of the IRFP, his motion will be denied.

- 5 -

## III.

Accordingly, it is **ORDERED** that Defendant's Motion to Stay Restitution Payments, ECF No. 33, is **DENIED**.

Dated: September 14, 2023    s/Thomas L. Ludington
　　　　　　　　　　　　　　　THOMAS L. LUDINGTON
　　　　　　　　　　　　　　　United States District Judge